**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIK DICKERSON,

    Plaintiff,

v.                                         Case No. 11-11878

D. PEMBERTON,

    Defendant.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL,
AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Plaintiff Erik Dickerson is a state prisoner at Mound Correctional Facility in Detroit, Michigan. He has filed a pro se civil rights complaint against Defendant D. Pemberton, who is a hearings investigator for the Michigan Department of Corrections. The complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failing to state a claim on which relief may be granted.

**I. BACKGROUND**

The complaint alleges that, in 2009, Plaintiff and three other inmates were charged with assaulting an inmate in the kitchen at the Egeler Reception and Guidance Center in Jackson, Michigan. At a hearing on the charge, Plaintiff claimed that two other prisoners committed the assault and that he never entered the room, but walked away with another prisoner. Plaintiff was found guilty of the charge and punished with seven days top lock, thirty days loss of privileges, and 180 days loss of good-time credits. In addition, the Michigan Parole Board cited the misconduct as a reason for declining to release Plaintiff on parole.

Plaintiff alleges in his complaint that Defendant Pemberton withheld exculpatory evidence that Plaintiff could have used to prove he was innocent of the misconduct charge. The evidence in question was a food service supervisor's critical incident report, which allegedly did not name any confidential witnesses, nor identify Plaintiff as the person who struck the victim with a stick. Although the report was read to Plaintiff during the hearing on the misconduct charge, he claims that the hearing officer fabricated the report. He seeks money damages and a judgment declaring that Defendant violated his constitutional right to due process.

## II.  STANDARD

Plaintiff has been permitted to proceed without prepayment of the fees and costs for this action. The court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) [that the deprivation was] caused by a person acting under the color of state law." *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56 (citations and footnote omitted). Conclusory statements will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "So, to survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).

### III.  DISCUSSION

The facts set forth in Plaintiff's complaint do not state a claim on which relief may be granted, because accepting those facts as true, Plaintiff's right to due process was not violated. Due process in prison disciplinary proceedings includes the right to: (1) written notice of the charges at least twenty-four hours before the disciplinary hearing; (2) a written statement of the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). In addition, there must be "some evidence" supporting the decision to revoke good-time credits. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Exhibits to the complaint indicate that Plaintiff received notice of the misconduct hearing more than twenty-four hours before the hearing. He was given a copy of the misconduct report, which listed the evidence relied upon and the reason for the disciplinary action. He was also provided a hearing at which he could have called

witnesses and presented documentary evidence. The food service supervisor's critical incident report was read to him at the hearing, although it was redacted to protect a confidential witness. After the hearing, Plaintiff was given a copy of the hearing officer's report.

Plaintiff claims that the hearing officer fabricated the food service supervisor's report. The hearing officer, however, viewed a videotape of the assault and saw nothing to convince the officer that Plaintiff was misidentified. The hearing officer also noted that none of the other prisoners involved in the assault had said anything that exonerated Plaintiff. Furthermore, the hearing officer relied on other evidence besides the food service supervisor's report, namely, the report of the correctional officer who was assigned to the kitchen and who wrote the misconduct report. That officer viewed the videotape of the assault and identified Plaintiff as the person who struck the victim numerous times with a mop or broom stick. Therefore there was "some evidence" to support the hearing officer's decision, and Plaintiff received all the due process to which he was entitled.

## IV. CONCLUSION

Plaintiff's allegations fail to state a claim on which relief may be granted. Accordingly,

IT IS ORDERED that the complaint [Dkt. # 1] is summarily DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

For the reasons stated in this order, the court finds that an appeal in this case could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.

1997).  Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*.  28 U.S.C. § 1915(a)(3).

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2011

I hereby certify that a copy of the foregoing document was mailed to plaintiff Erik Dickerson, #202117, Mound Correctional Facility, Detroit, MI 48212, on this date, May 11, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522